IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CAMP DRUG STORE, INC.,

              Plaintiff,

vs.                                               Case No. 17-CV-502-DRH-RJD

RED PARROT DISTRIBUTION, INC.,

              Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

Now before the Court is defendant Red Parrot Distribution, Inc.'s motion to dismiss plaintiff's class action complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 14). Plaintiff Camp Drug Store, Inc., (hereinafter "Camp Drug") opposes the motion (Doc. 26). For the reasons explained below, the Court **DENIES** defendant's motion to dismiss (Doc. 14).

### I.    Background[1]

Plaintiff Camp Drug brings this putative class action against Defendant Red Parrot Distribution, Inc. (hereinafter "Red Parrot"), alleging that Red Parrot sent plaintiff at least two unsolicited advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA) (Doc. 1, ¶ 2). Camp Drug also alleges a conversion claim. (*Id.* at ¶ 58-63).

---

[1] The Court takes the facts in the background section from the class action complaint and treats them as true for the purpose of resolving Red Parrot Distribution, Inc.'s motion to dismiss. See *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

In bringing this action on behalf of a class, the two-count complaint alleges that Red Parrot violated the TCPA by sending "advertisements by facsimile to Plaintiff and more than thirty-nine (39) other persons." (*Id.* at ¶ 22). Camp Drug also asserts that by sending unsolicited and unauthorized advertisements to its fax machine and that of others, Red Parrot unlawfully converted the fax machine to its own use. Furthermore, Camp Drug notes that "when printed (as in Plaintiff's case), Defendant also improperly and unlawfully converted the class members' paper and toner to Defendant's own use." (*Id.* at ¶ 58). Under the TCPA, Camp Drug seeks statutory damages, to be trebled if the facts show that Red Parrot acted willfully or knowingly, along with injunctive relief. For its conversion count, Camp Drug asks for an award of "appropriate damages" along with punitive damages, attorneys' fees, and costs.

On July 31, 2017, Red Parrot filed the pending motion to dismiss (Doc. 14), to which Camp Drug opposes on grounds that its allegations support the reasonable inference that Red Parrot did, in fact, send the faxes or cause them to be sent, that Red Parrot's class certification challenge is premature, and that Camp Drug's conversion claim is supported by case law. (Doc. 26).

## II. <u>Motion to Dismiss</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that to withstand Rule 12(b)(6) dismissal, a complaint "does not need detailed factual allegations," but must contain "enough facts to state a claim for relief that is plausible on its face." 550 U.S. at 570.

*Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), retooled federal pleading standards, but notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009). Additionally, when evaluating a Rule 12(b)(6) motion, a court can consider matters outside the pleadings if they are referred to in a plaintiff's complaint and are central to the plaintiff's claim. See *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir.2002). The Court now turns to address the merits of the motion.

### III. Analysis

a. **Count 1: TCPA**

As mentioned above, Camp Drug's complaint alleges that Red Parrot violated the TCPA by sending two unsolicited advertisements to Camp Drug by facsimile. In its motion to dismiss, Red Parrot contends that Camp Drug fails to establish that the alleged faxes in question were sent by, or on behalf of, Red Parrot (Doc. 14).

The TCPA clearly states that it is unlawful for any person "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement...." 47 U.S.C. § 227(b)(1)(C). The TCPA defines unsolicited advertisement as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."47 U.S.C. § 227(a)(5). The TCPA provides that the sender of these unsolicited fax advertisements shall be subjected to a statutory penalty of $500 per violation. 47 U.S.C. § 227(b)(1)(C). There are two ways in which a person or entity may qualify as a "sender" under the TCPA. First, the fax sender may be defined as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent..." 47 C.F.R. § 64.1200(f)(10). Second, the fax sender may be defined as the person or entity "whose goods or services are advertised or promoted in the unsolicited advertisement." *Id.*

Camp Drug's complaint alleges that "Red Parrot is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, requested and paid for the faxes to be sent, participated in the activity giving rise

to or constituting the violation, provided materials from which to create the advertisements, designed or approved the faxes to be sent, or the faxes were sent on its behalf." (Doc. 1 at ¶ 54). Red Parrot cites to *Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership*, Case No. 8:13-cv-01592-AEP, 2014 WL 7224943 (M.D. Fla. Dec. 17, 2014) (Porcelli, J.), to support its argument that Camp Drug failed to establish that Red Parrot was the 'sender' of the alleged faxes at issue. Red Parrot argues that *Cin-Q Automobiles, Inc.,* stands for the premise that merely being the party whose product or service is advertised or promoted will not necessarily result in that party being declared a 'sender.' However, as noted by Camp Drug, *Cin-Q Automobiles, Inc.* addresses cross motions for summary judgment where the parties were afforded an opportunity to conduct discovery as to whether the defendant qualified as a 'sender' under the TCPA. The Court in *Cin-Q Automobiles, Inc.,* did not dismiss the case at the pleading stage without any benefit of discovery. In this case, the parties have yet to engage in discovery. Thus, when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court looks solely to the pleadings and those documents referred to in Camp Drug's complaint that are central to its claims in order to determine if the complaint survives. See *188 LLC*, 300 F.3d at 735.

Looking to the characteristics of the subject faxes, taken together with Camp Drug's allegations in the complaint, the pleadings sufficiently support the reasonable inference that Red Parrot did, in fact, send the faxes or cause them to be sent. The faxes, on their face, state that they are "from" Red Parrot Distribution

(Docs 1-1 & 1-2). They also list Red Parrot's web address, telephone number, and fax number, all of which suggest ways to order the products presented in the fax advertisements. Therefore, the Court finds that the pleadings and faxes sufficiently support the reasonable inference that Red Parrot sent, or caused to be sent, the faxes at issue.

Because Camp Drug has plausibly alleged that Red Parrot was a 'sender' of the faxes at issue, the motion to dismiss is denied as to Count 1.

### b. Count 2: Conversion

Red Parrot also contends that the *de minimis* nature of Camp Drug's conversion claim warrants dismissal of Count II because the actual damages set forth in the complaint "(toner, paper, and employee time for allegedly receiving two (2) faxes) are minuscule to the point of nonexistent." (Doc. 14, pg. 9).

For its conversion claim, Camp Drug seeks redress for the same conduct complained of in Count I, the transmission of two fax advertisements. Specifically, Camp Drug alleges that Red Parrot "improperly and unlawfully converted the class's fax machines to Defendant's own use. Where printed (as in Plaintiff's case), Defendant also improperly and unlawfully converted the class members' paper and toner to Defendant's own use. Defendant also converted Plaintiff's time to Defendant's own use, as it did with the valuable time of the other class member." (Doc. 1 at ¶ 58.) Camp Drug and the proposed class members allegedly "owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time" prior to Red Parrot's transmission of the unsolicited fax.

(*Id.* ¶ 59.) Camp Drug alleges that by sending the faxes, Red Parrot "permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use." (*Id.* ¶ 60).

The Court is aware that other district courts in this circuit are split as to whether the *de minimis* doctrine bars conversion claims in junk fax cases, like this one. Compare *Camp Drug Stores, Inc. v. Emily Corp.*, No. 17-CV-0397-NJR-DGW, 2018 WL 306841, at *1 (S.D. Ill. Jan. 5, 2018) (Rosenstengel, J.); and *Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, No. 09 C 1541, 2009 WL 2515594, at *3 (N.D. Ill. Aug. 17, 2009) (Kennelly, J.); with *Able Home Health, LLC v. Onsite Healthcare, Inc., S.C.*, 2017 WL 2152429, at *6 (N.D. Ill. May 17, 2017) (Dow, Jr., J.); and *Sturdy v. Medtrak Educ. Servs. LLC*, 2014 WL 2727200, at *5 (C.D. Ill. June 16, 2014) (Bruce, J.);.

The district courts in *Zidek v. Analgesic Healthcare, Inc.*, and *Camp Drug Stores, Inc. v. Emily Corp.*, noted that "[t]he federal rules allow for dismissal 'for failure to state a claim' but do not provide a basis for striking individual legal theories." *Camp Drug Stores, Inc. v. Emily Corp.*, 2018 WL 306841, at *2, citing *Zidek v. Analgesic Healthcare, Inc.*, No. 13 C 7742, 2014 WL 2566527, at *2 (N.D. Ill. June 6, 2014) (Leinenweber, J.). The courts went on to hold that a ruling on the applicability of this legal theory "is best saved to the point at which the parties can argue facts, not allegations." *Zidek*, 2014 WL 2566527, at * 3. "Because a new legal theory is not the same as a new 'claim' for federal pleading purposes, [Count II] is not [a new claim] and there is nothing to dismiss." *Id.*

The Court finds *Camp Drug Stores, Inc. v. Emily Corp and Zidek* instructive, and at this stage of the litigation, the Court declines to limit the avenues for relief that plaintiffs may pursue when it comes time for them to prove their case. *Id*. Therefore, the motion to dismiss is denied as to Count II.

### c. Class Action Allegations

Red Parrot also asserts that Camp Drug's class action allegations are insufficient to survive a motion to dismiss. Red Parrot attempts to argue that Camp Drug's complaint fails to allege the attributes of those similarly situated fax recipients and fails to allege the number of faxes sent or where they were sent. However, the Court finds that Red Parrot's argument is premature. It is simply not practical at this stage of the litigation to preclude the Court from obtaining a full assessment of the litigation before deciding the class certification issue and therefore, the Court agrees with Camp Drug. The inquiry into whether a plaintiff has fulfilled Rule 23 class action requirements is not an appropriate inquiry at the motion to dismiss stage, and the Court finds that it is more appropriate to handle this issue in a class certification motion after proper discovery related to this issue has occurred.

## IV. Conclusion

Accordingly, the Court **DENIES** defendant Red Parrot's motion to dismiss plaintiff's complaint. (Doc. 14).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.23
17:01:48 -06'00'

**United States District Judge**